**LOCAL UNION 174, UTILITY WORKERS UNION OF AMERICA, affiliated with AFL–CIO, Plaintiff,**

v.

**SOUTH PITTSBURGH WATER COMPANY, a corporation, Defendant.**

**Civ. A. No. 72–457.**

United States District Court,
W. D. Pennsylvania.

June 29, 1972.

Joseph J. Pass, Jr., Pittsburgh, Pa., for plaintiff.

Beck, McGinnis & Jarvis, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge.

This is an action filed under Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, by plaintiff who seeks a preliminary injunction pending arbitration, which the parties have now agreed to initiate. Plaintiff asserts that defendant has instituted unilateral changes in working conditions by refusing to allow meal breaks provided for in their Collective Bargaining Agreement.

It is clear that a court has no jurisdiction to interpret rights under the Contract. United Steelworkers of America v. American Manufacturing Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 2d 1403 (1960). The sole issue presented is whether there is any right to a preliminary injunction maintaining the status quo of the parties pending arbitration. To be entitled to such relief, there must be a showing of irreparable harm and a determination that the equities are, on balance, in favor of the plaintiff. United Steelworkers v. Blaw-Knox Foundry & Mill Machinery, Inc., 319 F.Supp. 636 (W.D.Pa.1970). In this case, neither of these has been shown.

An extensive amount of time was afforded the parties in open court in an effort to allow them to compromise their differences and the parties have had a full and complete hearing. While the employees may suffer some inconvenience by not having a meal while working on extended overtime periods, this does not rise to a level of irreparable harm. They will continue to receive a meal allowance and an hour's pay at a time and one-half rate in addition to overtime pay for the hours worked. The plaintiff also complains that its members are now forced to punch a time clock, are being paid only one-half hour for travel time after being specially called out for some emergency job, and are being denied a period for cleanup time.

It is impossible to perceive how these workers will be irreparably harmed, if indeed they are harmed at all, pending arbitration. If there is any monetary loss, they can be made whole through a favorable arbitration award. There certainly is not present here, as there was in *Blaw-Knox, supra,* a threat that the health or safety of plaintiff's members are in any way impaired. In addition to the fact that many of these men do not choose to eat a meal while working on extended overtime periods, there has been no authoritative proof that missing such a meal has any deleterious effect on their health or well-being. Moreover, the Company has maintained a practice of bringing food onto a job site when requested to do so.

On balancing the equities and in considering the possibility of irreparable harm, it must be concluded that there is no right to any injunctive relief pending arbitration.

Findings of fact and conclusions of law have not been separately stated but are included in the body of the foregoing opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.